IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

DUSTIN JOHN HIGGS,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civil No. PJM 05-3180
Criminal No. PJM 98-0520

## MEMORANDUM OPINION

I.

Dustin John Higgs has filed a Request for a Certificate of Appealability ("COA") [Paper No. 550] pursuant to 28 U.S.C. § 2253, so that he may appeal this Court's judgment denying his Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241 ("2255 Motion"). No hearing is necessary to dispose of this matter. *See* Local Rule 105.6 (D. Md. 2001). The Court DENIES the Request for a COA.

II.

After finding Higgs guilty of the kidnapping and murder of Tamika Black, Mishann Chinn, and Tanji Jackson, a jury determined that he should receive the death penalty. The Court entered judgment on the verdict and Higgs appealed to the United States Court of Appeals for the Fourth Circuit, which affirmed the conviction and sentence. *See United States v. Higgs*, 353 F.3d 281 (4th Cir. 2003) ("*Higgs I*"). The Supreme Court denied Higgs' petition for writ of certiorari. *Higgs v. United States*, 543 U.S. 999 (2004).

1

During the pendency of his appeal, Higgs filed a Motion for a New Trial, which this Court denied, a decision which the Fourth Circuit also affirmed. *See United States v. Higgs*, 95 F. App'x 37 (4th Cir. 2004), *cert denied, Higgs v. United States*, 543 U.S. 1004 (2004)) ("*Higgs II*"). Higgs then filed a Motion for Relief Pursuant to 28 U.S.C. § 2255 or in the Alternative Pursuant to 28 U.S.C. § 2241, asserting twenty-five claims of error, as well as a motion seeking additional discovery as to certain issues. On April 7, 2010 the Court issued a 119 page Opinion which addressed each of the twenty-five claims of error asserted by Higgs and denied his 2255 Motion in its entirety. The Court's Opinion also denied Higgs' Motion for Discovery.

Higgs now brings this Petition for a COA to pursue his appeal, essentially restating all the arguments made in his § 2255 Motion, and requesting that this Court issue a COA on the claims for relief and procedural questions presented by this case.

III.

To obtain a certificate of appealability under § 2253(c), a petitioner must make a "substantial showing" of a denial of a constitutional right by demonstrating that the "issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (per curiam) (citing Barefoot v. Estelle, 463 U.S. 880, 893, n. 4 (1983)). Further, when the district court denies a habeas petition on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Higgs' brief petition incorporates by reference previous memoranda he filed in conjunction with his § 2255 Motion and argues that the length of the Court's Opinion, as well as

the fact that this is a capital case, weigh in favor of granting a COA. The Government responds that simply incorporating previous briefing and noting that this is a capital case does not constitute a substantial showing that this Court's particular rulings on any of the twenty-five claims of error are debatable.

The Court agrees. While it may be fair policy that in every capital case a COA should be granted as to every issue, that does not appear to be the law. Higgs has an obligation to specify, as to each issue for which appeal is sought, that reasonable jurists would find that the Court's assessment of the particular issue is debatable or wrong. The fact that Higgs has not done so here precludes the Court from making findings that would support grant of the COA.

IV.

For the foregoing reasons, the Court DENIES the Request for a Certificate of Appealability [Paper No. 550].

A separate Order will issue.

July 19, 2010

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE